UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN COLOR GRAPHICS, INC.,

Plaintiff,

vs.                                        Case No. 8:05-CV-1512-T-27TBM

BROOKS PHARMACY, INC.,

Defendant.

_____/

## ORDER

**BEFORE THE COURT** are Defendant, Brooks Pharmacy, Inc.'s Motion to Dismiss

Plaintiff's Complaint and Motion to Strike (Dkt. 12), Defendant's Memorandum in Support (Dkt.

13), and Plaintiff's Response (Dkt. 18).  Upon consideration, Defendant's Motion to Dismiss is

GRANTED IN PART and DENIED IN PART, and Defendant's Motion to Strike is DENIED.

Plaintiff, American Color Graphics, Inc. ("American"), brought this action against Brooks

Pharmacy, Inc. ("Brooks"), alleging fraud, promissory estoppel, breach of contract, breach of duty

of good faith and fair dealing, and other purported causes of action.  (Dkt. 1, Compl.)  The parties

to this action are diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest

and costs (Dkt. 1, ¶¶ 1-3).

American is in the business of providing printing and pre-media services to customers

throughout the United States and Canada.  (Dkt. 1, ¶ 4).  On February 1, 2004, American entered

into a contract ("the Agreement") with Eckerd Corporation ("Eckerd") under which American would

perform at least $9,000,000 of printing and pre-media work for Eckerd, or any successor

1

corporation, each year through January 31, 2009 or until a total of $45,000,000 of work had been purchased from American by Eckerd. (Dkt. 1, ¶ 5). Under paragraph 26.3 of the Agreement ("the Termination Clause"), upon a change in control and or sale of a substantial portion of either party's assets, either party has the right to terminate the Agreement on twelve months notice. (Dkt. 1, ¶ 9). The Agreement also contains an amendment and waiver provision requiring that any modifications to the Agreement be in writing and that delay in the exercise of a right does not waive it. (Dkt. 13, p. 4).

On or about March 1, 2004, American learned that Brooks would purchase all of the stock of Eckerd and thereby assume the obligations under the Agreement. (Dkt. 1, ¶ 8). American alleges that after Brooks acquired Eckerd, three Brooks' officers represented to American that Brooks would honor the Agreement for the full term. (Dkt. 1, ¶¶ 12-16). American further alleges that the Brooks officers who made these representations had no intent of carrying them out. (Dkt. 1, ¶ 17). American claims that it relied on these representations to its detriment by relocating its facility from Florida to Rhode Island, giving Brooks' employees training and product knowledge, and forbearing its rights under the Termination Clause. (Dkt. 1, ¶¶ 17-21).

American's Complaint asserts the following claims:

Count I:      fraud based on Brooks' knowingly false representations that it would honor the full term of the Agreement, which resulted in American's detrimental reliance (Dkt. 1, ¶¶ 22-25);

Count II:     breach of contract based on Brooks' delay in exercising the Termination Clause of the Agreement, and based on Brooks' false representations that it would honor the full term of the Agreement (Dkt. 1, ¶¶ 26-32);

Count III:    breach of duty of good faith and fair dealing based on Brooks' unjustified

and unwarranted termination of contract, and based on Brooks' fraudulent representations made to American (Dkt. 1, ¶¶ 33-36);

Count IV:   promissory estoppel based on Brooks' promise to honor the full term of the Agreement and American's detrimental reliance thereon (Dkt. 1, ¶¶ 37-40);

Count V:   equitable estoppel based on Brooks' promise to honor the full term of the Agreement and American's detrimental reliance thereon (Dkt. 1, ¶¶ 41-47);

Count VI:   gross negligent misrepresentation based on Brooks' reckless disregard for the consequences to American as a result of Brooks' misrepresentation that it would honor the full term of the Agreement (Dkt. 1, ¶¶ 48-51);

Count VII:   specific performance based on Brooks' breach of contract, to the extent that damages are not an appropriate remedy (Dkt. 1, ¶¶ 52-53).

Brooks moves to dismiss all counts of American's Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Brooks moves to strike Count I (Fraud) for failure to plead fraud with sufficient particularity pursuant to Fed. R. Civ. P. 9(b) and Counts V (Equitable Estoppel) and VI (Gross Negligent Misrepresentation) pursuant to Fed. R. Civ. P. 12(f). Brooks has provided with its Motion a copy of the Agreement and a copy of a letter evidencing Brooks' notice to American that it was terminating the Agreement in accordance with the Termination Clause.[1] (Dkt. 14, Exhibits 1, 2).

---

[1] Generally, a motion to dismiss is treated as a motion for summary judgment and disposed of under F.R.C.P. 56 if a matter outside the pleading is presented to and not excluded by the Court. F.R.C.P. 12(b). However, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *D.L. Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, both documents attached to Brooks' Motion are central to American's claim. Neither party disputes the authenticity of the documents.

3

**Applicable Standards**

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*citations omitted*); *see also South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, conclusory allegations and unsupported conclusions of fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Jackson v. Bellsouth Telcomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). "[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263. Regardless of the facts alleged, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**Discussion**

**Count I - Fraud**

In Count I of its Complaint, American alleges that Brooks committed fraud by intentionally representing to American that it would honor the full term of the Agreement when Brooks in fact had no intention of doing so. (Dkt.1, ¶ 23) American alleges that, in reliance on Brooks' intentional misrepresentations, American relocated its facility from Florida to Rhode Island, provided information to Brooks regarding its product and employee training techniques, and failed to exercise its rights under the Termination Clause. (Dkt. 1, ¶ 24). Brooks contends that American's fraud

4

claim is barred by Florida's economic loss rule, or in the alternative, that American's fraud claim should be stricken because it is not pled with sufficient particularity. (Dkt. 13, pp. 11-14).

Florida's economic loss rule prevents one party from suing another in tort when there is contractual privity between the parties and the damages suffered are solely economic. *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004); *see also Indemnity Ins. Co. of N. Am. V. Am. Aviation, Inc.*, 399 F.3d 1275, 1276 (11th Cir. 2005). Both parties agree, and are correct, that the economic loss rule does not bar tort actions based on acts *independent* of a breach of contract, such as fraud in the inducement. *HTP v. Lineas Aereas Costarricenses*, 685 So. 2d 1238, 1239 (Fla. 1996) (emphasis added). A cause of action for fraud is barred, however, where the fraud alleged pertains to the performance of a contract. *Banker's Mutual Capital Corp. v. United States Fidelity and Guaranty Co.*, 784 So. 2d 485, 489 (Fla. 4th DCA 2001).

American's purported fraud claim fails to allege any acts independent of Brooks' alleged breach of contract. That claim is not independent of but rather wholly dependent on Brooks' alleged breach of contract. American alleges that after the Agreement was entered into, Brooks falsely represented it would honor the full term of the Agreement and in doing so, induced American to change the location of its facility, provide Brooks with information it otherwise would not have, and forbear its rights under the Termination Clause. (Dkt. 1, ¶ 24). While American asserts that Brooks' conduct rises to the level of an "independent" tort, the Court does not agree.

"The distinction between fraud in the inducement and other kinds of fraud is the same as the distinction . . . between fraud extraneous to the contract and fraud interwoven with the breach of contract. With respect to the latter, the misrepresentations relate to the breaching party's performance of the contract and do not give rise to an independent cause of action in tort." *HTP*, 685 So. 2d at 1240. Brooks' alleged misrepresentations are "interwoven with the breach of

5

contract." Accordingly, Brooks' Motion to Dismiss Count I is GRANTED and Brooks' Motion to Strike is DENIED as moot.

## Count II - Breach of Contract

In Count II of its Complaint, American alleges that Brooks breached the Agreement when, more than one year after it acquired Eckerd, Brooks notified American that it was terminating the Agreement. (Dkt. 1, ¶ 31). Brooks contends that it is not in breach because the Termination Clause of the Agreement is clear and unambiguous and Brooks rightfully exercised its contractual rights in accordance with the Termination Clause. (Dkt. 13, pp. 7-10). American contends that the Termination Clause is ambiguous in that it does not specify a time frame within which it may be exercised. (Dkt. 18, p. 10).

The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages. *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003). The only element challenged by Brooks' Motion is whether its termination constituted a breach. (Dkt. 13, pp. 7-10).

American alleges that both parties intended for the Termination Clause to be exercised, if at all, within a short time after a change in ownership or control. (Dkt. 1, ¶ 9). Further, American alleges that Brooks breached the Agreement by failing to exercise the Termination Clause "shortly after the change in ownership." (Dkt. 1, ¶ 29). The express terms of the Termination Clause are silent as to the time frame within which a party may exercise the Termination Clause. (Dkt. 14, ¶ 26.3).

Accepting American's allegations as true, there is at the very least a question of fact as to the parties' intent in drafting the Termination Clause and consequently whether a breach occurred. Although Brooks contends that there was no breach because the Termination Clause is express and

6

unambiguous, the Eleventh Circuit has recognized that an ambiguity exists "where a contract fails to specify the rights or duties of the parties in certain situations and extrinsic evidence is necessary for interpretation or a choice between two possible meanings." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1310 (11th Cir. 1998). On the face of the Complaint, American has pled sufficient facts to support a claim of breach of contract. Accordingly, Brooks' Motion to Dismiss Count II is DENIED.

## Count III - Breach of Duty of Good Faith and Fair Dealing

In Count III of its Complaint, American alleges that Brooks maliciously and intentionally breached its duty of good faith and fair dealing by making fraudulent representations to facilitate its unjustified breach of contract. (Dkt. 1, ¶ 35). Brooks contends that it did not breach its duty of good faith and fair dealing because it did not breach any express term of the Agreement. (Dkt. 13, pp. 16-18). Further, Brooks contends that American cannot employ the duty of good faith and fair dealing in order to alter the express terms of the Agreement. (Dkt. 13, p. 18).

To allege a breach of the implied duty of good faith and fair dealing, American' allegations "must demonstrate a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000). There are two limitations on the covenant of good faith and fair dealing: 1) a claim for a breach of the covenant must be accompanied by a claim that a term of the contract itself has been breached, and 2) the covenant cannot be used to alter the express terms of the contract. *Mount Sinai Med. Ctr. Of Greater Miami, Inc. v. Heidrick & Struggles, Inc.*, 329 F. Supp. 2d 1309, 1312 (S.D. Fla. 2004).

7

American alleges that Brooks intentionally and deliberately breached the Agreement to the detriment of American. (Dkt. 1, ¶¶ 14-21). As noted, American has pled facts to support its breach of contract claim and has pled facts sufficient to support a finding that the Termination Clause is ambiguous as to when it could be exercised. Therefore, construing the facts in a light most favorable to American, American's claim does not circumvent the express terms of the contract through the covenant of good faith and fair dealing. On the face of the complaint, American has pled sufficient facts to support a claim of breach of duty of good faith and fair dealing. Accordingly, Brooks' Motion to Dismiss Count III is DENIED.

**Count IV - Promissory Estoppel**

In Count IV of its Complaint, American alleges that Brooks falsely promised American that it would honor the full term of the Agreement in order to induce American to move its facility from Florida to Rhode Island and provide Brooks with information regarding its training procedures and work product. (Dkt. 1, ¶ 38). American further alleges that it relocated its facility in reliance on Brooks' promises. (Dkt. 1, ¶ 39). Brooks contends that promissory estoppel does not apply where a written contract provision covers the disputed issue. (Dkt. 13, pp. 14-15). Brooks further contends that it was unreasonable for American to rely on oral promises to modify a written contract. (Dkt. 13, pp. 14-16).

The doctrine of promissory estoppel is unavailable where the promise sought to be enforced is governed by a written contract between the parties. *University of Miami v. Intuitive Surgical, Inc.*, 353 F. Supp. 2d 1230, 1236 (S.D. Fla. 2005). "Promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the even it fails to prove breach of contract." *Advanced Mktg. Sys. Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 928 (Fla. 4th

8

DCA 2002).  American expressly alleges that Brooks' actions are in direct contravention of the

Agreement and the Termination Clause.  (Dkt. 1, ¶ 38).  To allow American a "second bite at the

apple" through its promissory estoppel claim would run afoul of Florida case law.[2]  Regardless of

the facts alleged, a complaint may be dismissed on a dispositive issue of law.  *Marshall County Bd.*

*of Educ.*, 992 F.2d at 1174.  Even if the Court accepts all of American's allegations as true, its claim

of promissory estoppel is not viable under Florida law.  Accordingly, Brooks' Motion to Dismiss

Count IV is GRANTED.

**Count V - Equitable Estoppel**

In Count V of its Complaint, American alleges that Brooks made clear and [un]ambiguous

[sic] promises to American, on which American detrimentally relied.  (Dkt. 1, ¶¶ 38-40).  Brooks

contends that American's claim for equitable estoppel must be stricken because equitable estoppel

is not a recognized cause of action under Florida law.  (Dkt. 13, p. 19).

In Florida, equitable estoppel is an affirmative defense, not a cause of action.  *State of Fla.*

*Dep't of Transp. v. FirstMerit Bank*, 711 So. 2d 1217, 1218 (Fla. 2d DCA 1998); Fla. R. Civ. P.

1.110(d).  Accordingly, American cannot assert the doctrine of equitable estoppel as a claim for

relief.  Although Brooks has requested the Court to strike the equitable estoppel claim, the Court

finds that dismissal is more appropriate.[3]  Accordingly, Brooks' Motion to Dismiss Count V is

---

[2] American's reliance on *W.R. Grace & Co. v. Geodata Services, Inc., et al.* is misguided.  In that case, Florida's Supreme Court found that a promissory estoppel claim could exist with a breach of contract claim.  *W.R. Grace & Co. v. Geodata Services, Inc., et al.*, 547 So. 2d 919, 924 (Fla. 1989).  However, the promissory estoppel claim related solely to "additional work beyond the contract" that was agreed to "after the contract was executed."  *Id.*  In the present case, American has not alleged that it performed any "additional work" outside the scope of the Agreement.  (Dkt. 1, ¶ 38).  Therefore, American's promissory estoppel claim is usurped by its breach of contract claim.

[3] Rule 12(f), Fed.R.Civ.P. provides that the court "may order stricken from any pleading any sufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Court does not find American's equitable estoppel claim to fall within any of Rule 12(f)'s criteria.  However, as discussed above,

GRANTED and Brooks' Motion to Strike is DENIED as moot.

**Count VI - Gross Negligent Misrepresentation**

In Count VI of its Complaint, American realleges that the aforementioned conduct of Brooks was intentional.  (Dkt 1, ¶ 49).  In the alternative, American alleges that Brooks made the representations to American with reckless disregard of American's rights or the consequences of Brooks' actions. (Dkt. 1, ¶ 49).  American further alleges that Brooks made the representations with knowledge that American would rely on them,  relocate its facility and provide Brooks with information regarding its training procedures and product.  (Dkt. 1, ¶ 49).  Brooks contends that American's claim for gross negligent misrepresentation is barred by Florida's economic loss rule. (Dkt. 13, pp. 11-13). In the alternative, Brooks contends that this claim should be stricken because "gross negligent representation" is not a recognized cause of action under Florida law.[4]  (Dkt. 13, p. 10).

American asserts its claim of negligent misrepresentation is pled as an alternative to its fraud claim, contending that if Brooks' acts were not committed intentionally, they were committed recklessly.  (Dkt. 1, ¶ 49).   For the same reasons Count I is barred by Florida's economic loss rule, Count VI is barred.  Any misrepresentations Brooks allegedly made related only to the performance of the contract and were not independent of the alleged breach.  Therefore, as a matter of law, American cannot maintain a claim against Brooks for negligent misrepresentation.  Accordingly, Brooks' Motion to Dismiss Count VI is GRANTED and Brooks' Motion to Strike is DENIED.

---

American's equitable estoppel claim is wholly without merit as it is not a recognized cause of action under Florida law.  Therefore, a dismissal under Federal Rule of Civil Procedure 12(b)(6) is more appropriate.

[4] Even if this claim is construed as a claim for negligent misrepresentation, the claim would fail for reasons discussed *infra*.

**Count VII - Specific Performance**

In Count VII of its Complaint, American alleges that it is entitled to damages as a result of Brooks' breach of contract but in the alternative is entitled to specific performance of the Agreement.  (Dkt. 1, ¶ 53).  The court agrees with Brooks that specific performance is an inappropriate remedy, although for reasons not expressly argued by Brooks.  (Dkt. 13, pp. 18-19).

An inadequate remedy at law is a threshold for a specific performance claim.  *Vagabond Travel and Tours, Inc. v. Universal Inns,* 440 So. 2d 482, 482 (Fla. 2d DCA 1983).  In its Opposition to the Motion to Dismiss, American asserts that "Defendant's obligation under the contract is merely to *purchase* American's services."  (Dkt. 18, p. 18).  In other words, American acknowledges that Brooks' obligation under the Agreement is to pay American in accordance with the agreement. American therefore has an adequate remedy at law; for recovery of damages for breach. Accordingly, Brooks' Motion to Dismiss Count VII is GRANTED.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)   Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 12) is **GRANTED** as to Counts I, IV, V, VI, and VII and **DENIED** as to Counts II and III.

2)   Counts I, IV, V, VI, and VII of Plaintiff's Complaint (Dkt. 1) are **DISMISSED**.

3)   Defendant's Motion to Strike (Dkt. 12) is **DENIED** as moot.

**DONE AND ORDERED** in chambers this ⎯⎯ 3ʳᵈ ⎯⎯ day of March, 2006.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record

11