UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN COLOR GRAPHICS, INC.,

Plaintiff,

vs.                                                          Case No. 8:05-CV-1512-T-27TBM

BROOKS PHARMACY, INC., et al.,

Defendant.

_____/

## ORDER

**BEFORE THIS COURT** are: (1) Defendant Quebecor World, Inc.'s Motion to Dismiss
First Amended Complaint (Dkt. 100), to which Plaintiff American Color Graphics has responded
in opposition (Dkt. 104), and Defendant Quebecor World, Inc.'s Notice of Supplemental Authority
(Dkt. 105-2); and (2) Defendant Quebecor World, Inc.'s Motion to Amend the Scheduling Order
(Dkt. 110), to which Plaintiff has responded in opposition (Dkt. 116), and Defendant Quebecor
World, Inc.'s Notice of Scrivener's Error (Dkt. 117).  Upon consideration, Defendant's Motion to
Dismiss is GRANTED, and Defendant's Motion to Amend the Scheduling Order is DENIED as
moot.

Plaintiff American Color Graphics, Inc. ("Plaintiff") alleges that Defendant Quebecor World
Inc. ("Quebecor") tortiously interfered with a contract between Plaintiff and Defendant Eckerd Corp.
("Eckerd") (Dkt. 86, ¶¶ 63-71).  Quebecor is a Canadian corporation with its principal place of
business in Quebec, Canada. (Dkt. 86, ¶ 6).  On February 1, 2004, Plaintiff entered into a contract
with Eckerd, in which Eckerd agreed to purchase various services over a five year period for a

1

minimum of $45,000,000. (Dkt. 86, ¶¶ 10, 13-14).   Plaintiff alleges that Quebecor "intentionally

interfered with the [contract] in many ways, including by entering into the conflicting agreement with

Brooks and obtaining the EventMGR® system information without American's knowledge or

consent." (Dkt. 86, ¶ 66).   Plaintiff also alleges that Quebecor "through communications with

Eckerd, intentionally and actually induced Eckerd to breach the Agreement with American." (Dkt.

86, ¶ 68).

Plaintiff alleges that this Court has both general and specific jurisdiction over Quebecor

because it "regularly conducts business in Florida, has done business with Eckerd in the state of

Florida, and has purposefully availed itself of the benefits of doing business in Florida." (Dkt. 86,

¶ 6).   Plaintiff alleges that Quebecor is also subject to specific jurisdiction based on its alleged

tortious interference with the contract between Plaintiff and Eckerd, which contained a forum

selection clause specifying that the parties agreed "to exclusive jurisdiction and venue in the United

States District Court for Hillsborough County, Florida." (Dkt. 86, ¶¶ 6, 12).   In addition, Plaintiff

alleges that Quebecor received a "benefit[] from the tortious interference through its wholly owned

subsidiary, Quebecor World (USA) Inc., which is qualified to do business in Florida." (Dkt. 86, ¶

6).   Quebecor World (USA), Inc. is not a party to this suit.

## *Discussion*

A federal district court sitting in diversity employs a two-part analysis to determine whether

it has personal jurisdiction over a nonresident defendant.   First, the Court determines whether the

exercise of jurisdiction is appropriate under the forum state's long-arm statute. *Sloss Industries Corp.*

*v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007).   Second, the Court examines whether exercising

jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment,

2

"which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend 'traditional notions of fair play and substantial justice.'" *Id.*

The plaintiff bears the burden of establishing a prima facie case of personal jurisdiction over a defendant, sufficient to withstand a motion for directed verdict. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino,* 447 F.3d 1357, 1360 (11th Cir. 2006). The facts alleged in the complaint are accepted as true, to the extent that they are not controverted by the defendant. *Id.* If the defendant disputes the allegations in the complaint with supporting affidavits, then the burden shifts back to the plaintiff to counter with affidavits or "other competent proof" to support its jurisdictional allegations. *Meir ex rel. Meir v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Where the plaintiff's evidence and defendant's evidence conflict, all reasonable inferences must be construed in favor of the plaintiff. *Stubbs,* 447 F.3d at 1360.

As set forth below, the Court finds that Plaintiff has not countered Quebecor's affidavit with sufficient evidence demonstrating that Quebecor is subject to personal jurisdiction in Florida.

### 1.    *Florida's Long-Arm Statute*

The Amended Complaint alleges three arguable bases for jurisdiction under the Florida long-arm statute: (1) specific jurisdiction based on Quebecor's alleged operation of a business in Florida, pursuant to Fla. Stat. § 48.193(1)(a); (2) general jurisdiction based on Quebecor's alleged "substantial and not isolated activity" in Florida, pursuant to Fla. Stat. § 48.193(2); and (3) specific jurisdiction based on Quebecor's alleged commission of a tortious act in Florida, pursuant to Fla. Stat. § 48.193(1)(b). (Dkt. 86, ¶ 6).[1] In evaluating Plaintiff's arguments, the Court is mindful that

---

[1] Plaintiff also alleges that Quebecor knew of the forum selection clause in the contract with which it allegedly tortiously interfered. Defendant Quebecor correctly argues that even if it was a party to this agreement, which it was not, the forum selection clause is insufficient standing alone to confer personal jurisdiction. *McRae v.*

the provisions of the long-arm statute are strictly construed. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).

a.    *Operating a business in Florida*

"In order to establish that a defendant is 'carrying on business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005).  Among other factors, the court may consider the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients.  *Id.* (internal citations omitted).

Quebecor submitted the affidavit of its Senior Vice President and Chief Accounting Officer, Mario Saucier. (Dkt. 100-2).  According to Mr. Saucier, Quebecor does not solicit and "has never conducted business activities in Florida." (Dkt. 100-2, ¶ 7).  Moreover, the affidavit states that "Quebecor does not have any offices, employees, or operations anywhere in the state of Florida," and that "Quebecor does not own any real or personal property anywhere in the state of Florida." (Dkt. 100-2, ¶¶ 5-6).  In response, Plaintiff asserts that it need not "adduce evidence to counter the conclusory assertions in Quebecor World's affidavit." (Dkt. 104).  The Court does not agree that Quebecor's affidavit is conclusory.  *Cf. Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999) (affidavit was conclusory where it denied the provisions of the long-arm statute "essentially verbatim").  If Quebecor has no operations, offices, property, or employees in Florida, in cannot be expected to elaborate any further on these facts.

---

*JD./MD., Inc.*, 511 So. 2d 540, 544 (Fla. 1987).

4

Plaintiff does attempt to rebut Quebecor's affidavit with several unsworn exhibits from various sources, including Quebecor's website, SEC filings, "Google Maps," and property and court records. None of these documents place Quebecor in Florida. For instance, Quebecor's website does not distinguish among its subsidiary corporations (Dkt. 104, Exhs. B,C, E-K, M, O-S). The two court records submitted by Plaintiff refer to Quebecor World (USA) Inc., not Quebecor (Dkt. 104, Exhs. Z, AA), and the property tax records list "Kable Printing Co.," not Quebecor, as the owner of property in Bay County, Florida (Exh. X). Because Plaintiff has produced no competent proof that Quebecor is operating in Florida, there is no basis for personal jurisdiction under Fla. Stat. § 48.193(1)(a).

b.     *General jurisdiction*

Plaintiff maintains that "[e]ven if, as Quebecor World claims, its United States operations are conducted by its subsidiary Quebecor World USA, exercising general personal jurisdiction over Quebecor World on the basis of those operations is proper" (Dkt. 104) (internal citations omitted). The "substantial and not isolated activity" general jurisdiction provision requirement of the Florida long-arm statute "has been recognized by Florida courts as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment Due Process Clause." *Meier*, 288 F.3d at 1269. "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Id.* at 1274. As discussed above, Plaintiff has failed to show such business contacts between Quebecor and Florida.

Moreover, in order to persuade this Court to extend general jurisdiction over a non-resident parent corporation, based on the activities of a subsidiary, as Plaintiff urges, Plaintiff must show that

"the domestic subsidiary's existence was simply a formality, and that the affiliated corporation was merely the non-resident's agent." *Meier*, 288 F.3d at 1275. A subsidiary has been found to be a "mere instrumentality" of the parent, for personal jurisdiction purposes, based on evidence of their financial, administrative, and practical connections. *See e.g., id.* at 1272-73, 1275 (subsidiary performed services only for parent, managed parent's bank accounts, and paid itself from the accounts); *see also Stubbs,* 447 F.3d at 1361-62. *Meier*, 288 F.3d at 1275.

Plaintiff has not introduced evidence pertaining to the relationship between Quebecor and Quebecor World (USA), Inc. Rather, Plaintiff contends that Quebecor's 2006 Annual Report does not "suggest that Quebecor World and Quebeor World USA are engaged in different businesses, are managed separately, have separate assets, or are otherwise considered as anything buy one unitary business entity." (Dkt. 104 at 7; Exh. D). Plaintiff's argument is not persuasive. Plaintiff has simply failed to adduce the necessary evidence to support its allegation of jurisdiction.[2] *See e.g, Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293-94 (11th Cir. 2000).

Plaintiff recognized in its response that further discovery might unearth relevant evidence to support its position. (Dkt. 104 at 9, n. 5). Although Plaintiff would have been well within its right to request limited jurisdictional discovery, no such motion has been made. This Court is not obliged to *sua sponte* order discovery. *See, e.g., Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 (11th Cir. 1999).

c.   *Commission of a tortious act within Florida*

The Amended Complaint also alleges specific jurisdiction pursuant to Fla. Stat. §

---

[2] Plaintiff's citation to other cases involving the exercise of jurisdiction over Quebecor World, Inc. and Quebecor World (USA), Inc. is irrelevant given that personal jurisdiction is based on the allegations of Plaintiff's Amended Complaint and the evidence introduced by these parties. The Court also notes that the cited cases were not Florida cases.

48.193(1)(b), which authorizes the exercise of personal jurisdiction over a party that commits a tortious act in Florida. It is well-settled that a tortious act can occur in Florida "through the nonresident defendant's telephonic, electronic, or written communications into Florida." *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). Plaintiff alleges no action by Quebecor, such as a meeting in Florida, or telephone call or e-mail into Florida. Accordingly, Plaintiff does not demonstrate that Quebecor took any actions in Florida related to the commission of a tort. *Cf. ABL-USA Enters., Inc. v. Hawk Aviation, Ltd.*, 15 F. Supp. 2d 1297, 1300 (S.D. Fla. 1998) (tortious interference was accomplished be telephone calls into Florida).

Nevertheless, jurisdiction may also be appropriate "in certain instances where an out-of-state defendant commits a tort that produces an injury in Florida." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass*, P.A. 421 F.3d 1162, 1168 (11th Cir. 2005).[3] The Amended Complaint alleges that Quebecor induced Eckerd to the breach the agreement, that it entered into a conflicting agreement with Eckerd knowing that American was relocating to Rhode Island, that Quebecor benefitted through its subsidiary from the interference, and that the conduct "caused harm to American." (Dkt. 86, ¶¶ 6, 66, 68, 70). As Quebecor notes, however, there is no allegation in the Amended Complaint that any injury occurred in Florida. American is a New York corporation, with its principal place of business in Tennessee. (Dkt. 86, ¶ 1). American alleges that it operated a facility in Florida (Dkt. 86, ¶ 19), and that relying on Brooks' assurances, it moved to Rhode Island "at great expense and

---

[3] There are conflicting decisions among the Florida District Courts of Appeal concerning whether an injury in Florida, standing alone, confers personal jurisdiction in Florida. *See e.g., Casita v. Maplewood Equity Partners*, 960 So. 2d 854, 856-57 (Fla. 3d DCA 2007) (reviewing decisions); *Posner*, 178 F.3d at 1216-17 (same). The long-arm statute is a matter of Florida law and this Court is bound by the construction of that statute by the Florida Supreme Court. *Stubbs*, 447 F.3d at 1361. Absent a controlling decision by the Florida Supreme Court, this Court is bound by Eleventh Circuit precedent, which broadly interprets subsection (1)(b) to apply when injury occurs in Florida. *Posner*, 178 F.3d at 1217; *see also Mehlenbacher ex rel. Asconi Corp. v. Jitaru*, No. 04-cv-1118, 2005 WL 4585859, at *11 (M.D. Fla. June 6, 2005).

cost, believed to exceed several hundred thousand dollars, hiring and terminating employees, entering into various agreements, and not exercising its rights [to terminate the contract]" (Dkt. 86, ¶ 40). Essentially, American appears to argue that by expending money in moving from Florida to Rhode Island, it suffered an injury.

American has provided no authority for the proposition that this constitutes an injury in Florida sufficient to hale Quebecor into this forum. *Cf. Posner*, 178 F.3d at 1217 (defendant's alleged tortious interference affected contracts that insured property in Florida); *Williams v. Goldsmith*, 619 So. 2d 330, 332 (Fla. 3d DCA 1993) (tortious interference with contract claim accrued for venue purposes where plaintiff suffered injury by loss of clients); *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997) (where corporation was based in Illinois, injury occurred in Illinois when customer canceled order). Accordingly, the Court does not find a sufficient basis for personal jurisdiction pursuant to Fla. Stat. § 48.193(1)(b).

2. *Minimum Contacts*

Even if there were a sufficient basis for personal jurisdiction under the long-arm statute, Plaintiff has failed to allege facts showing that Quebecor has the requisite minium contacts with Florida. *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). To constitute minimum contacts, Quebecor's contact must: (1) be related to the Plaintiff's cause of action or have given rise to it; (2) involve some act by which Quebecor purposefully availed itself of the privilege of conducting activities within Florida; and (3) be such that Quebecor should have reasonably anticipated being haled into court here. *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005). In assessing the defendant's contacts with the forum state, the court examines the "quality and

nature" of the defendant's activity in the state. *Cable/Home Comm. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 858 (11th Cir. 1990). "A significant single act or meeting in the forum state" may be sufficient, *id.*, but the contacts must be not be merely "'random,' 'fortuitous,' or 'attenuated,'" *Burger King Corp.*, 471 U.S. at 486. If sufficient contacts exist, the Court must also evaluate whether the exercise of jurisdiction would satisfy "traditional notions of fair play and substantial justice." *Sloss Industries Corp.*, 488 F.3d at 925.

Plaintiff argues that "Quebecor World, whether directly or inextricably through its wholly owned subsidiary Quebecor World USA, conducts significant business in the United States." (Dkt. 104 at 14). However, pursuant to the well-settled Eleventh Circuit law discussed above, Plaintiff simply has not alleged any facts connecting Quebecor to Florida, let alone "continuous and systematic contacts" demonstrating its purposeful presence in Florida. *Stubbs*, 447 F.3d at 1363. Although there is evidence that Quebecor World (USA), Inc. has a presence in Florida, this Court cannot exercise personal jurisdiction over Quebecor based on the alleged activities of its wholly-owned subsidiary, without additional evidence of the nature of the financial, administrative, and practical connection between the two entities.[4] *See e.g., Stubbs,* 447 F.3d at 1363; *Meier*, 288 F.3d at 1275.

Plaintiff has thus failed to demonstrate that Quebecor has the requisite minimum contacts with Florida. The Court accordingly does not reach the question of whether the exercise of jurisdiction over Quebecor would comport with notions of fair play and substantial justice.

---

[4] This is not to imply that such a connection does not exist. Plaintiff has simply provided no evidence of such a connection.

9

*3.       Waiver*

Plaintiff argues that Quebecor has waived its right to contest personal jurisdiction, based on its November 1, 2006 filing of an "Emergency Motion to Abate Letter of Request Pending Ruling on Motion to Add Quebecor as a Party." (Dkt. 52). In that motion, Quebecor requested that Rule 45 discovery in Canada be stayed until a ruling was made on Plaintiff's motion to add Quebecor as a defendant. In a footnote to its motion, Quebecor asserted that the motion was a "special appearance" and that it was not admitting that the Court has personal jurisdiction over it. (Dkt. 52 at 2 n.1). The Magistrate Judge denied the request to stay, but found that Plaintiff's request for a deposition was not encompassed in the Letter of Request to the Canadian court. (Dkt. 58 at 3). Plaintiff notes that Quebecor pursued the same relief in Canadian court. (Dkt. 52 at 4).

Nonetheless, Plaintiff has provided no authority supporting a waiver in circumstances similar to the instant case. At the time Quebecor filed its motion, it was a not a party and had no grounds to file a Rule 12 motion for lack of personal jurisdiction. Quebecor timely filed the motion when it was added as a party. Quebecor did not otherwise act as a party in making a special appearance for the limited purpose of requesting a stay of Rule 45 discovery. *Cf. Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773, 786-87 (5th Cir. 1990) (attorney generals waived objection to personal jurisdiction by seeking dismissal of injunctive action and participating in TRO hearing without appearing as amici curiae). Moreover, Quebecor preserved its objection to personal jurisdiction. *Cf. Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 545 (N.D. Ill. 2004) (non-party did not object to exercise of personal jurisdiction when opposing Rule 45 subpoena). For these reasons, Quebecor did not waive it objection to personal jurisdiction.

*Conclusion*

Based on the foregoing, it is **ORDERED AND ADJUDGED:**

1)      Defendant Quebecor World, Inc.'s Motion to Dismiss First Amended Complaint

(Dkt. 100) is **GRANTED** to the extent that Defendant Quebecor World, Inc. is **DISMISSED** for

lack of personal jurisdiction.

2)      Defendant Quebecor World, Inc.'s Motion to Amend the Scheduling Order is

**DENIED AS MOOT.**

**DONE AND ORDERED** in chambers this ___26th___ day of October, 2007.

                                      _Whittemore_
                                      **JAMES D. WHITTEMORE**
                                      **United States District Judge**

11